IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BOBBY GENE WATERS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-085 |
| ) | |
| HUGH SMITH, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison in Chester, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

While the procedural history of this case is rather lengthy and involved, it suffices to say that Plaintiff's second amended complaint was the first pleading that was reviewed in conformity with the *in forma pauperis* statute. Because of pleading deficiencies contained in the second amended complaint, Plaintiff was directed to file a third amended complaint.

(Doc. no. 22, p. 4). Plaintiff submitted his third amended complaint, along with a motion to amend that sought to add other claims to this action. (Doc. nos. 25, 27). The Court granted Plaintiff's motion to amend, and it is Plaintiff's third amended complaint and his amendment that the Court will now screen. (See doc. no. 29, p. 3).[1]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. In his complaint, Plaintiff names as Defendants: (1) Hugh Smith, Warden of Dodge State Prison; (2) Tina Sanders, Deputy Warden of Care and Treatment at Dodge State Prison; (3) Hugh Humphrey, Warden of Ware State Prison ("WSP"); (4) Unnamed Deputy Warden of Care and Treatment at WSP; and (5) Unnamed Head Physician at WSP. As noted at the outset, Plaintiff is currently incarcerated at Dodge State Prison. (Doc. no. 25, p. 3). However, he alleges that while he was incarcerated at WSP from August 2004 to August 2007, he filed several grievances regarding allegedly inadequate medical treatment he received there. (Id. at 9). He contends that he has a cyst on his back that "leaks occasionally" and a knot on his hand that "goes numb." (Id.). The knot on his hand makes it difficult for him to pick up certain objects and also causes him "excruciating pain." (Id.). Plaintiff alleges that despite filing these grievances, he did not receive any medical treatment; nor did the unnamed Deputy Warden of Care and Treatment or the unnamed Head Physician at WSP ever examine or interview him. (Id.).[2]

---

[1] For ease of reference, Plaintiff's third amended complaint and amendment are referred to herein as the "complaint."

[2] In a simultaneously filed Order, the Court has transferred Plaintiff's claims arising from his incarceration at WSP to the Waycross Division of the Southern District of Georgia,

2

Plaintiff contends that upon transfer to Dodge State Prison, he continued to file grievances about his medical condition. (Doc. no. 27, p. 2). He argues that Defendant Smith signed a grievance filed by Plaintiff; therefore, according to Plaintiff, Defendant Smith knew about his condition and "did nothing." (Id.). Now that he is incarcerated at Dodge State Prison, Plaintiff wants Defendant Sanders, as the Deputy Warden of Care and Treatment, to get a "medical specialist" to examine and treat him. (Id.). As relief, Plaintiff requests punitive damages for the pain and suffering, mental anguish, and emotional distress he has allegedly suffered as a result of Defendants' acts or omissions. (Doc. no. 25, p. 10).

## II. DISCUSSION

Plaintiff's sole allegation against Defendant Smith is that he knew of Plaintiff's medical conditions and did nothing about them. As to Defendant Sanders, Plaintiff's only complaint against her appears to be that, as the person in charge of care and treatment, she should be responsible for getting his medical conditions treated. Thus, it appears that Plaintiff is attempting to assert claims against Defendants Smith and Sanders because of their supervisory positions at Dodge State Prison. To that end, it is well-settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally

---

as those claims properly belong in that Division. Accordingly, the Court only addresses Plaintiff's claims arising out of his incarceration at Dodge State Prison. See *infra* Part II.

3

participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has failed to show that Defendant Smith or Defendant Sanders personally participated in depriving him of medical care.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Smith or Sanders and the alleged constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Smith[4] or Defendant Sanders.

---

[3] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[4] While Plaintiff has stated that Defendant Smith knew about his conditions and did nothing to correct them, Plaintiff does not satisfy his burden of putting a supervisor on notice

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendants Smith and Sanders be **DISMISSED** for failure to state a claim upon which relief may be granted. Because all of Plaintiff's other claims have been transferred to the Waycross Division, the Court further **REPORTS** and **RECOMMENDS** that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of May, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

of a widespread problem or otherwise show that the supervisor was directly involved with Plaintiff's alleged claims simply by alleging that he filed a grievance that was signed by Defendant Smith. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).